**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 06-20161-03-JWL** |
| ) | **08-2309-JWL** |
| **DWAYNE SMITH,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

In 2007, Dwayne Smith pleaded guilty to conspiracy to obtain a firearm by false representation. In the plea agreement executed by Mr. Smith, he waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction, and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). Mr. Smith was sentenced to 37 months in prison.

Mr. Smith's case is once again before this court because he has filed a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his sentence (Doc. 70). He argues that he did not fully understand his plea agreement due to fraud and misrepresentation on the part of his attorney. Mr. Smith also asserts that his attorney was ineffective for failing to object to sentencing adjustments and refusing to file a notice of

appeal. Finally, Mr. Smith contends that his sentence violates *Apprendi v. New Jersey*, 120 U.S. 466 (2000), and its progeny.

In response, the government contends that Mr. Smith's ineffective assistance claim does not satisfy the two-prong test enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and that the claims concerning sentencing have been expressly waived by Mr. Smith in his plea agreement–a waiver that the government moves to enforce (Doc. 76).

Additionally, Mr. Smith has filed a Motion Pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence (Doc. 81), claiming that Amendment 706 to the Sentencing Guidelines justifies a lower sentence.

For the reasons discussed below, Mr. Smith's motions are both denied, and the Government's motion to enforce is granted.

## DISCUSSION

**I.     Petition Under 28 U.S.C. § 2255**

The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in

which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

### A.     Scope of the Waiver

In determining whether the disputed issues fall within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Smith waived his right to challenge his sentence through collateral attack states as follows:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro. 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d

at 1206 (internal quotation and citations omitted). The court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant. *Hahn*, 359 F.3d at 1343.

Bearing these principles in mind, Mr. Smith clearly waived the right to raise his claim concerning ineffective assistance of counsel at the sentencing hearing and beyond, and his claim challenging the sentence imposed by the court. However, his purported ineffective assistance claim concerning the plea agreement and waiver arguably falls within *United States v. Cockerham* and the court discusses that claim more fully below.

### B. Knowing and Voluntary

Mr. Smith does not dispute that his waiver was knowing and voluntary except to the extent he asserts that his counsel was ineffective in connection with the plea–an argument that the court addresses below in connection with the miscarriage-of-justice prong of the *Hahn* analysis. Putting that argument aside, the record reflects that Mr. Smith's waiver was knowing and voluntary.

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors–whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 13 of Mr. Smith's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or

4

collaterally attack any matter in connection with this prosecution, conviction and sentence." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence").

In addition, the court, during its Rule 11 colloquy with Mr. Smith, specifically discussed that he had waived his right to challenge his sentence through a § 2255 motion. Mr. Smith assured the court that he understood the nature of § 2255 claims, that he understood that he had waived his right to assert such claims, and that he was entirely willing to do so. *See id.* (finding that defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because defendant testified at the plea colloquy that he was competently, knowingly, freely and voluntarily entering his plea and waiving his constitutional rights, including his right to appeal) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")).

### C.     **Miscarriage of Justice**

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective

5

assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Hahn*, 359 F.3d at 1327.

Here, Mr. Smith makes no suggestion that the court relied on an impermissible factor such as race, that his sentence exceeds the statutory maximum, or that the waiver is otherwise unlawful.  He has, however, couched one of his arguments as ineffective assistance of counsel in the context of a knowing and voluntary plea agreement, a situation expressly excluded from the waiver executed by him.  *See Cockerham*, 237 F.3d at 1187 (concluding that a defendant cannot waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver).

Specifically, Mr. Smith asserts that he "did not enter into a knowingly and understandably [sic] plea agreement due to the fraud and misrepresentations of [his] attorney."  According to Mr. Smith, his attorney "committed fraud against the petitioner and misrepresented himself to petitioner that he would ensure that petitioner's Constitutional rights would be safely guarded," but then he allowed Mr. Smith to be sentenced in violation of *Apprendi* and its progeny.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  To obtain habeas relief, a petitioner must establish both that his attorney's representation was deficient, measured against an objective

6

standard of reasonableness, and that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, thereby constituting prejudice to the petitioner. *See id.* at 687, 688, 694.

Mr. Smith cannot establish that his counsel's performance in negotiating the plea agreement was constitutionally deficient, even assuming that the attorney convinced Mr. Smith to sign the plea agreement with a promise that he would protect Mr. Smith's constitutional rights. It seems instead that Mr. Smith's main argument is that his sentence does not comport with *Apprendi*, and he cannot couch that argument as an ineffective assistance claim in order to avoid his plea waiver.

Without some kind of explanation about how Mr. Smith's attorney's performance was deficient and how it affected his plea agreement, the court cannot find that enforcing the waiver would be a miscarriage of justice.

### D. Conclusion

For the foregoing reasons, the court denies Mr. Smith's claim that he received ineffective assistance of counsel in connection with his plea and waiver. Having concluded that enforcing the waiver contained in Mr. Smith's plea agreement will not result in a miscarriage of justice, the court grants the government's motion to enforce and dismisses Mr. Smith's claims about his attorney's ineffective assistance at sentencing and about the sentence itself.

## II. Motion Pursuant to 18 U.S.C. § 3582(c)(2)

Mr. Smith suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c). Again, this is the type of motion contemplated by the waiver in Mr. Smith's plea agreement. Even assuming this court were willing to allow Mr. Smith's motion to reduce his sentence, he would not be successful.

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1).

Mr. Smith references Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1. U.S.S.G. app. C Supp. Amend. 706. But this amendment is entirely inapplicable to Mr. Smith's sentence.

Mr. Smith's base offense level of 14 came from § 2K2.1 of the sentencing guidelines, the provision governing firearms violations. The presentence investigation report recommended a four-level enhancement pursuant to § 2K2.1(b)(6) for possession of a firearm in connection with another felony, namely trafficking of crack cocaine. This

8

enhancement is the only reference to crack cocaine in Mr. Smith's sentencing, and Amendment 706 does not affect that enhancement.

Accordingly, Mr. Smith's motion to reduce his sentence is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Enforce the Waiver of Collateral Attack (Doc. 76) is **granted**.  Defendant's Petition Under 28 U.S.C. § 2255(Doc. 70) is **dismissed**.

**IT IS FURTHER ORDERED** that Defendant's Motion Pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence (Doc. 81) is **denied**.

**IT IS SO ORDERED** this 11th day of February, 2009.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge